JUDGE CARTER

13 CIV 1449

C.K. Lee, Esq.
Anne Seelig, Esq.
Shin Hahn, Esq.
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, New York 10016
Tel: (212) 465-1180
Fax: (212) 465-1181

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RECEIVED
MAR 0 4 2013
Case No.

------------------------------------

JULISSA MOSQUEA,
on behalf of herself and all other similarly situated
employees,

**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

        Plaintiff,

      -against-

<u>JURY TRIAL DEMANDED</u>

AMC ENTERTAINMENT INC. and
JOHN DOE,

        Defendants.

------------------------------------

Plaintiff, JULISSA MOSQUEA (hereinafter, the "Named Plaintiff"), alleges, on behalf of herself and others similarly situated as follows:

## PRELIMINARY STATEMENT

1.      The Named Plaintiff worked in the positions of ticket seller, usher, concession worker and ticket taker for AMC Entertainment Inc. and John Doe (collectively "Defendants").

2.      Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the Named Plaintiff brings this action for (1) unpaid compensation due to time shaving, and (2) call-in pay, on behalf of herself and all other similarly situated current and former employees

nationwide who work or worked in the position(s) of ticket seller, usher, concession worker and ticket taker, or other job titles performing substantially similar job duties as the Named Plaintiff.

3.     In addition to nationwide FLSA claims, the Named Plaintiff also brings claims under the laws of New York on behalf of herself and all other similarly situated ticket sellers, ushers, concession workers and ticket takers, or other job titles performing substantially similar job duties as the Named Plaintiff, who worked in the State of New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of New York Labor Law, Article 19 §§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations (together, "NYLL").

4.     For at least three years prior to the filing of this Complaint, Defendants have willfully committed widespread violations of the FLSA and New York state laws by failing to pay these employees (1) unpaid compensation due to time shaving, (2) call in pay, and (3) unpaid spread of hours premium.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 216(b).   Original jurisdiction exists over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which: (1) there are 100 or more members in the Named Plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

6.     In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Named Plaintiff's state law wage and hour claims, because those claims derive from a

common nucleus of operative fact.

7.     The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2002.

8.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391, because Plaintiff and Defendant reside in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

9.     Named Plaintiff, MOSQUEA is a resident of Bronx County, New York.

10.    Defendant, AMC ENTERTAINMENT INC. which does business as "AMC Theatres", is a foreign business corporation organized under the laws of the State of Delaware, with a principal executive office located at 920 Main Street, Kansas City, Missouri 64105, and an address for service of process located at c/o C T CORPORATION SYSTEM, 111 EIGHTH AVENUE, NEW YORK, NEW YORK 10011. Upon information and belief, Defendant, GERARDO I. LOPEZ, is the Chairman or Chief Executive Officer of the Corporate Defendant.

11.    Defendant, JOHN DOE, exercised control over the terms and conditions of Plaintiff's employment and those of similarly situated employees. With respect to Named Plaintiff and other similarly situated employees, he had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

12.    Defendants operate a chain of movie theatres under the common trade name "AMC THEATERS" throughout the United States, including throughout the State and City of New York. Defendants' movie theatres are operated as a common enterprise and share the same employment policies dictated by its central office in Missouri.  Defendants operate movie theatres in New York City, including at the following locations: 234 West 42nd Street, New

York, NY 10036; 570 Second Ave., New York, NY 10016; 1998 Broadway, New York, NY 10023; 312 West 34th Street, New York, NY 10001; 1538 Third Ave., New York, NY 10028; 890 Broadway, New York, NY 10003; 2310 Broadway, New York, NY 10024; 66 Third Ave., New York, NY 10003; 2309 Frederick Douglas Blvd., New York, NY 10027; 109-02 Horace Harding Blvd., Fresh Meadows, NY 11365; 211-01 26th Ave., Bayside, NY 11360 and 2210 Bartow Ave., Bronx, NY 10475.  Defendants operate and market their business through the website www.amctheatres.com.

13.     Defendant, AMC ENTERTAINMENT INC., maintains control, oversight, and direction over the operation of its movie theatres, including their employment practices, and is engaged in the employment of ticket sellers, ushers, concession workers and ticket takers, or other job titles performing substantially similar job duties as the Named Plaintiff, and is a covered employer within the meaning of the FLSA and New York state law.

## STATEMENT OF FACTS

14.     In or about August 2007, Named Plaintiff, MOSQUEA, was hired by Defendants to work as a ticket seller, usher, concession worker and ticket taker at Defendants' movie theatre located at 1538 Third Avenue, New York, NY ("86th Street Location").   During her employment by Defendants, Named Plaintiff, MOSQUEA was also transferred to at least two other AMC movie theatres to work, including theatres at the following locations:   234 West 42nd Street, New York, NY ("42nd Street Location") and 312 West 34th Street, New York, NY ("34th Street Location").

15.     Named Plaintiff, MOSQUEA, worked for Defendants until on or about September 2008.

16.     During Named Plaintiff MOSQUEA's employment by Defendants, she generally

4

worked 34 hours per week. Specifically, Plaintiff generally worked for five days a week.   On weekdays, Named Plaintiff generally worked 7 hours per day, and on weekends, Named Plaintiff generally worked up to 11 hours per day. Named Plaintiff MOSQUEA was paid an hourly rate of $7.15 per hour from August 2007 to January 2008, and $7.30 from January 2008 to September, 2008.

17.     Named Plaintiff MOSQUEA's paystubs did not accurately reflect her working hours.   At all times, Named Plaintiff MOSQUEA was required to wear a uniform mandated by Defendants.   When she began her shift, Named Plaintiff MOSQUEA was not allowed to punch her time clock until she finished changing into her uniform.   She was also forced to punch out before she changed out of her uniform at the end of her shift.   Such policy of time shaving was prevalent at each of the AMC movie theatres stores that Named Plaintiff MOSQUEA worked at, and applied to all non-exempt employees.   Because of Defendants' policy of time shaving, Named Plaintiff, Nationwide FLSA Class and New York Rule 23 Class members did not properly receive their compensation for all hours worked and their hours worked as reflected in their paystubs were incorrect.

18.     Defendants unlawfully failed to pay the Named Plaintiff and members of the New York Rule 23 Class their "call-in" pay, when Defendants sent employees home early from their shifts.

19.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to the Named Plaintiff and New York Rule 23 Class members.

20.     Named Plaintiff retained Lee Litigation Group, PLLC to represent her and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee

5

for its services.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21.    The Named Plaintiff brings the first claim for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all persons who worked for Defendants as a ticket seller, usher, concession worker or ticket taker, or other job titles performing substantially similar job duties as the Named Plaintiff, at any time six years prior to the filing of this Complaint ("Nationwide FLSA Collective Class").   Upon information and belief, Defendants suffered and permitted the Named Plaintiff and the Nationwide FLSA Collective Class to work more than forty hours per week and did not pay them proper overtime compensation for all hours worked beyond forty per week.

22.    Defendants' unlawful conduct has been widespread, repeated and consistent.

23.    Upon information and belief, Defendants knew that the Named Plaintiff and the Nationwide FLSA Collective Class performed work that required overtime pay.   Defendants operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked

24.    Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to the Named Plaintiff and the Nationwide FLSA Collective Class.

25.    Defendants are liable under the FLSA for failing to properly compensate the Named Plaintiff and the Nationwide FLSA Collective Class, and as such, notice should be sent to the Nationwide FLSA Collective Class.   There are numerous similarly situated, current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the

opportunity to join in the present lawsuit.   Those similarly situated employees are known to
Defendants and are readily identifiable through Defendants' records.

NEW YORK CLASS ACTION ALLEGATIONS

26.     The Named Plaintiff brings the second claim for relief on her own behalf and as a
class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.   The New
York Rule 23 Class is defined as:

> **All persons who worked for Defendants as a ticket seller, usher, concession worker
> or ticket taker, or other job titles performing substantially similar job duties as the
> Named Plaintiff, in the state of New York at any time from six years prior to the
> filing of this Complaint (the "New York Rule 23 Class" and the "New York Class
> Period," respectively).**

27.     The persons in the New York Rule 23 Class identified above are so numerous that
joinder of all members is impracticable.   Although the precise number of such persons in
unknown, upon information and belief, Defendants have employed at least 100 persons who
satisfy the definition of the New York Rule 23 Class.

28.     There are questions of law and fact common to this New York Rule 23 Class that
predominate over any questions solely affecting individual members of the New York Rule 23
Class, including but not limited to:

   a)  Whether Defendants employed the Named Plaintiff and the New York Rule
       23 Class within the meaning of the New York law;

   b)  What are and were the policies; practices, programs, procedures, protocols
       and plans of Defendants regarding the types of work and labor for which
       Defendants did not pay the New York Rule 23 Class members at all;

7

c) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the New York Rule 23 Class members for their work;

d) Whether Defendants failed to properly compensate the Named Plaintiff and New York Rule 23 Class members for all their hours worked due to a policy of time shaving and failing to correctly track the hours worked by the Named Plaintiff and New York Rule 23 Class members;

e) Whether Defendants properly compensated the Named Plaintiff and New York Rule 23 Class members for their call-in pay; and

f) Whether Defendants paid the Named Plaintiff and the New York Rule 23 Class members the New York State "Spread of Hours" on days when their workday exceeded ten hours.

29.    The Named Plaintiff's claims are typical of those of the New York Rule 23 Class. The Named Plaintiff, like other members of the New York Rule 23 Class, was subjected to Defendants' policy and practice of time shaving, and refusal to pay overtime pay, call in pay, and spread of hours premium in violation of New York law.   The Named Plaintiff's job duties as a ticket seller, usher, concession worker and ticket taker, were typical of those other New York Rule 23 Class members who were or are employed by Defendants as a ticket seller, usher, concession worker or ticket taker, or other job titles performing substantially similar job duties as the Named Plaintiff.

30.    The Named Plaintiff will fairly and adequately protect the interests of the New York Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

31.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

32.    Class certification of the second claim for relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the New York Rule 23 Class, thereby making appropriate declaratory and injunctive relief.   The

New York Rule 23 Class is also entitled to injunctive relief to end Defendats' common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendants.

33.     Class certification of the second claim for relief is also appropriate under Fed. R. Civ. P. 23 (b)(3) because questions of law and fact common to the New York Rule 23 Class predominate over any questions affecting only individual members of the New York Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.   Defendants' common and uniform policies and practices denied the New York Rule 23 Class wages to which they are entitled.   The damages suffered by the individual New York Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation.   In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

34.     The Named Plaintiff intends to send notice to all members of the New York Rule 23 Class to the extent required by Rule 23.

## STATEMENT OF CLAIM

### FIRST CLAIM FOR RELIEF

On behalf of the Named Plaintiff and the Nationwide FLSA Class

35.     The Named Plaintiff and the Nationwide FLSA Class alleges and incorporates by reference the allegations in the preceding paragraphs.

36.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).   At all relevant times, Defendants employed and/or

continues to employ Named Plaintiff and each of the Nationwide FLSA Collective Class plaintiffs. At all relevant times, upon information and belief Defendants have had gross operating revenues in excess of $500,000.00.

37.   The Named Plaintiff consents in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). The Named Plaintiff and additional similarly situated individuals who are interested in joining this case as opt-in plaintiffs have filed written consent forms.  As this case proceeds, it is likely that other individuals will sign consent forms

38   Defendants failed to pay Named Plaintiff and Nationwide FLSA Collective Class plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

39.   At all relevant times, the Defendants had a policy and practice of refusing to pay the proper wages to Named Plaintiff and Nationwide FLSA Collective Class plaintiffs for their hours worked due to Defendants' policy of time shaving.

40.   Defendants failed to pay Named Plaintiff and Nationwide FLSA Collective Class plaintiffs their wages in the lawful amount for their hours worked.

41.   Records, if any, concerning the number of hours worked by Named Plaintiff and Nationwide FLSA Collective Class plaintiffs and the actual compensation paid to Named Plaintiff and Nationwide FLSA Collective Class plaintiffs should be in the possession and custody of the Defendants. Named Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42.   Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Named Plaintiff and Nationwide FLSA

Collective Class plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

43.     Defendants failed to properly disclose or apprise Named Plaintiff and Nationwide FLSA Collective Class plaintiffs of their rights under the FLSA.

44.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Named Plaintiff and Nationwide FLSA Collective Class plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

45.     Due to the intentional, willful and unlawful acts of Defendants, Named Plaintiff and Nationwide FLSA Collective Class plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime wages, plus an equal amount as liquidated damages.

46.   Named Plaintiff and Nationwide FLSA Collective Class plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### SECOND CLAIM FOR RELIEF

NEW YORK LABOR LAWS

On behalf of the Named Plaintiff and the New York Rule 23 Class

47.   The Named Plaintiff and the New York Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

48.   At all times relevant to this action, the Named Plaintiff and the New York Rule 23 Class were employed by Defendants within the meaning of New York Labor Law, Article 19.

49.   By the course of conduct set forth above, Defendants have violated the New York Labor Law, Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor

Regulations, 12 N.Y.C.R.R. Part 142 (collectively, New York Labor Laws").

50.     Defendants willfully violated Named Plaintiff's and New York Rule 23 Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

51.     Defendants willfully violated Named Plaintiff's and New York Rule 23 Class members' rights by failing to pay them wages in the lawful amount for hours worked due to time shaving.   Defendants also failed to pay call-in pay to Named Plaintiff and New York Rule 23 Class members.

52.     Named Plaintiff and New York Rule 23 Class members regularly worked more than ten hours in a workday. Defendants willfully violated Named Plaintiff's and New York Rule 23 Class members' rights by failing to pay "spread of hours" premium to them for each day they worked ten or more hours.

53.     Due to the Defendants' New York Labor Law violations, Named Plaintiff and New York Rule 23 Class members are entitled to recover from Defendants unpaid overtime, unpaid wages caused by time shaving, unpaid call in pay, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiff, on behalf of herself and all members of the Nationwide FLSA Collective Class pray for relief as follows:

A.  Designation of this action as a collective action on behalf of the Nationwide FLSA Collective Class (asserting FLSA claims) and prompt issuance of notice pursuant to

13

29 U.S.C. § 216(b) to all similarly situated members, appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Plaintiff Consent Forms;

B. Designation of the Named Plaintiff as Representative of the Nationwide FLSA Collective Class;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E. An award of damages, according to proof, including liquidated damages and loss of benefits, to be paid by Defendants;

F. Costs of action incurred herein, including expert fees;

G. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

H. Pre-Judgment and Post-Judgment interest as provided by law; and

I. Such other legal and equitable relief as this Court deems necessary, just and proper.

WHEREFORE, the Named Plaintiff, on behalf of herself and all members of the New York Rule 23 Class she represents, respectfully requests, prays for relief as follows:

a.    Certification of this action as a class action on behalf of the New York Rule 23 Class;

b.    Designation of the Named Plaintiff as a Representative of the Class he seeks to represent;

c.    A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

d.    Appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

e.    Appropriate statutory penalties;

f.    An award of liquidated and/or punitive damages pursuant to the New York Labor Law;

g.    Restitution;

h.    Pre-Judgment and Post-Judgment interest, as provided by law;

i.    Attorney's fees and costs of suit, including expert fees; and

j.    Designation of Plaintiff as Representative of the Class; and

k.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Named Plaintiff individually and on behalf of all others similarly situated, hereby demands trial by jury on all issues so triable as of right by jury.

Dated: March 4, 2013

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq.
Anne Seelig, Esq.
Shin Hahn, Esq.
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, individually and for
all others similarly situated*

By: _____
C.K. Lee